IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELICIA WALL,                          )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )          Civ. No. 06-306-KAJ
                                       )
DEPARTMENT OF CORRECTION               )
and ALTEA JETT in her official and     )
individual capacity,                   )
                                       )
          Defendants.                  )

**MEMORANDUM ORDER**

Plaintiff Felicia Wall ("Wall"), an inmate at the Delores J. Baylor Women's

Correctional Institution, filed this lawsuit pursuant to 42 U.S.C. § 1983.  She appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.  (D.I. 6.)  The Court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing without prejudice the claim

against the Delaware Department of Correction, as it is immune from suit pursuant to

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Wall alleges that Altea Jett ("Jett"), a counselor for the Department of Correction

("DOC"), used her computer privileges to access DOC records containing Wall's

medical information.  Wall alleges that in violation of the Eighth Amendment[1], Jett

intentionally leaked the medical information to her family, which caused distress and a

---

[1]Prisoners have a Fourteenth Amendment right to privacy in their medical information.  *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001).

complete breakdown of the family relationship.  Walls seeks punitive and nominal

damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for

dismissal under certain circumstances.  When a prisoner seeks redress from a

government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the

complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that

the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v.*

*Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual

allegations in the complaint and all reasonable inferences that can be drawn

therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of*

*Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an

arguable basis either in law or in fact,"  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989),

and the claims "are of little or no weight, value, or importance, not worthy of serious

consideration, or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when

"it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'"  *Haines v. Kerner*, 404 U.S. 519, 520-521

(1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.    ANALYSIS

The DOC, an agency of the State of Delaware, is named as a Defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Wall's claim against the DOC has no arguable basis in law or in fact, because the DOC, as a state agency, is immune from suit. Therefore, the claim is frivolous and will be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B) and § 1915A(b).

IV.    CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.    The claim against the Department of Correction is DISMISSED without prejudice as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.    Wall has raised what appears at this point to be a cognizable privacy claim against Altea Jett. Wall will be allowed to PROCEED with that claim.

IT IS FURTHER ORDERED that:

1.      The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.      Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Felicia Wall shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendant, Altea Jett,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, Wall shall provide the Court with one copy of the complaint with signature (D.I. 2) for service upon the remaining defendant and the attorney general. Furthermore, Wall is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.      Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall

-4-

be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.      **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.      **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

June 27, 2006
Wilmington, Delaware

-5-