IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELICIA WALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALTEA JETT in her official and )<br>individual capacity, )<br>)<br>Defendants. ) | Civ. No. 06-306-SLR |

**MEMORANDUM ORDER**

At Wilmington this 34th day of August, 2007, having considered plaintiff's pending motion for correction construed as a motion for reconsideration;

IT IS ORDERED that the motion (D.I. 13) is **denied** and the clerk of the court is directed to **close** the case, for the reasons that follow:

1. **Background.** Plaintiff, an inmate housed at the Delores J. Baylor Women's Correctional Institution, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) On June 27, 2006, following screening by the court, one defendant was dismissed, but the complaint was allowed to proceed against defendant Altea Jett ("Jett"). (D.I. 8) On the same date plaintiff was ordered to submit U.S. Marshal 285 ("USM-285") forms for Jett and the Attorney General of the State of Delaware within 120 days or face dismissal pursuant to Federal Rule of Civil Procedure 4(m). The USM-285 forms were not timely received and, as a result, the case was dismissed without prejudice on November 21, 2006, and the case closed. (D.I. 9)

2. The order dismissing the case did not terminate plaintiff's responsibility to

continue making payments towards the filing fee owed. Nonetheless, on November 21, 2006, and January 5, 2007, plaintiff asked for a refund of monies she had paid. (D.I. 10, 11) On January 9, 2007, she was advised by the Clerk's Office that her filing fee payments were non-refundable, and payments would continue unless terminated by court order. (D.I. 12)

3. On February 6, 2007, plaintiff filed the pending motion for reconsideration. (D.I. 13) Plaintiff's motion states that the court misunderstands the facts in her case, because the case does not concern her medical records but pertains to her Department of Correction ("DOC") records. She asks the court to correct any documentation and inform her of any reconsideration based upon this data. Approximately two weeks later she submitted a USM-285 form for Jett. Plaintiff has never submitted a USM-285 form for the Attorney General of the State of Delaware.

4. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may only be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

5. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of

2

Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

6. **Discussion**. Plaintiff asks the court to correct any documentation based upon the information contained in her motion regarding her medical records versus her DOC records. Plaintiff's complaint was dismissed without prejudice because she failed to timely submit USM-285 forms as ordered by the court and for no other reason. While she belatedly submitted a USM-285 form for defendant she has yet to submit one for the Attorney General for the State of Delaware and has failed to comply with the June 27, 2006 order.

7. The court has thoroughly reviewed the documents in the record. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, her motion will be denied.

8. Plaintiff is not required to pay any previously assessed fees or the balance of the $350.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

_____
UNITED STATES DISTRICT JUDGE

3